Good morning, Your Honors. My name is Tina Malik, appearing on behalf of the petitioners this morning. This case involves an individual who arrived late to her initial master calendar hearing. The question in this case is whether the petitioner has established that her failure to appear was due to exceptional circumstances that justify the reopening of her removal proceedings. Now, the term exceptional circumstances refers to circumstances beyond the control of the alien and the INA lists enumerated examples of exceptional circumstances. While the INA lists these enumerated examples, that list is not exhaustive and if the asserted it seems to be the only factor that caused her to miss the hearing was a combination of the fact that she didn't allot enough time to get there and ran into quite a bit of traffic. I don't see anything else that is contributing as a causal factor. Am I wrong on that? No, you're not wrong. She relied on a family member who had lived in the Seattle area for two years who indicated that ordinarily takes about one hour and a half to arrive from where he lives to the court. The circumstances that arose that were out of the ordinary were the two major car accidents and but for those two major car accidents on the road and accounting for ordinary conditions, the petitioners would have arrived while the IJ was still on the bench. But we've held twice that traffic does not meet the statutory standard for an exceptional circumstance that will excuse late appearance. So how do you get around that? What the petitioner is arguing is that this is not a case of ordinary traffic delays. Isn't it true that there's when doing the totality of the circumstances or looking at the exceptional circumstances test, it's not merely the traffic which in this case or the car accidents which she experienced but also the IJ and the BIA have to ask whether or not she was trying to evade her hearing or had an intent to appear and then also whether or not there would be some sort of unconscionable result that would occur for not reopening the case? Yes, yes, absolutely. And a lot of the cases hold that where exceptional circumstances were found, the petitioners had appeared at multiple hearings before and they used that as evidence to show that the petitioner had an interest in proceeding with her removal proceedings and so forth. Let me ask you this. To get to Judge Collins' point, and I don't disagree with him, that mere traffic is not enough to establish exceptional circumstances. Would you agree with that? Yes, ordinary traffic. Ordinary traffic is not enough. But this case is different than that circumstance because this is not just a case of somebody who didn't show up to a hearing because of ordinary traffic. She made show up, albeit late, and then there are these other plus factors that go to the totality of the circumstances. Right. For example, if I am scheduled for an eight o'clock hearing and I know it takes half an hour from my house and I give myself 45 minutes to an hour but there are two major accidents on the way, it may take me two hours or maybe two and a half hours. So I agree with that statement that ordinary traffic wouldn't constitute an exceptional circumstance, but respondent asserts that two major accidents on the way is out of the ordinary. It's not something you can account for. But she also has to show something more than that. I mean, I don't think that we have a case on point that distinguishes between sort of ordinary traffic and then what you just said, which is two major accidents. I mean, I think on a sliding scale that might actually be more like ordinary traffic. But in this case, I understand the argument to be that there are these additional facts that must be considered for purposes of evaluating the totality of the circumstances. Yes, that is precisely the petitioner's position. And to address the other factors that you mentioned earlier, there's no evidence in the record to avoid a removal hearing on the merits. Well, but the problem is that the statute says that the alien has to demonstrate that the failure to appear was because of exceptional circumstances. So whatever is put into the exceptional circumstances bucket has to have a causal relation to the failure to appear. And her lack of a motive to evade or, you know, any of these kinds of other considerations that might go to an exercise of discretion don't have a causal relationship to why she wasn't there. They're not the because of. And so I don't see how they can fit the statutory language as satisfying this particular element. Right, that's correct. I think, sorry, I don't know if I have the order in which your honors are sitting. Is it Judge Mendoza? I'm Judge Collins. On the right, I'm sorry. Yes. Okay. Well, what Judge Desai, when you were asking me about the other factors that are relevant to the analysis, that's what I was referring to. But I do agree with the court that those particular factors don't go to the causal analysis in the case in determining whether the failure to appear was an exceptional circumstance. In this case, we're just dealing with the traffic congestion and the two major accidents along the way. Let me ask you a different question, which has to do with what we need to look at for purposes of determining whether or not there was an abuse of discretion. So what, in your view, did the IJ or the BIA fail to do in their analysis that they should have done? And I also want to know sort of, not just that standard, but does it matter that there wasn't sort of a separate analysis with respect to the two minor children? The immigration judge, actually both the immigration judge and the board continuously cited traffic delays and traffic congestion. And the board specifically, the language that they used was typical daily occurrences that may cause mishaps, delays, and oversights do not qualify as exceptional circumstance. And then they go on to find that the alleged difficulty that the petitioner experienced was less compelling that the examples listed in INA 240E1. So I think that part was an error because they didn't consider the two major accidents. The citations and the notes are all regarding ordinary traffic conditions and how they cause delays and how those are not exceptional circumstances. And can you address my question with respect to two minor children who it seems like were in different circumstances, both because they're not making the decisions about what time to leave for attending a hearing or driving. And in addition to that, they have this other issue, which is that they have grounds for derivative citizenship as a result of their father's naturalization. Correct. And I was going to actually address that in the unconscionable result part of the analysis that the IJ entered in absentia orders of removal against both the lead respondent and the two minor children who, like you said, had no decision in what time to leave and so on and so forth. And the board, allow me to scroll to that part of the decision, I believe the board just summarily stated that the petitioner took responsibility for those two minors and that was the extent of them addressing that particular situation. Do you want to save any time for rebuttal? Yes, I will. I will save some time for rebuttal. Thank you for bringing that to my attention. All right, so we'll hear now from Mr. Nardi. Good morning, Your Honor. May it please the court, Anthony Nardi on behalf of the respondent, Attorney General Garland. Your Honors, the board did not abuse its discretion in denying the petitioner's motion to reopen the in absentia removal order because petitioners failed to demonstrate the exceptional circumstances that are necessary to secure reopening of an in absentia removal order. I agree that the heartland of this totality analysis has been, in the past cases of this court, has been the reasons and the particular circumstances surrounding the applicant's non-appearance at their immigration hearing. And I think, as Judge Collins noted, the traffic arguments are pretty squarely foreclosed by the circuit's precedent. Well, hold on. Let's talk about that for a second because what you're referring to is Arradondo. And with regards to Arradondo, that case was different, wasn't it? Or are you of the agency decisions do cite to Arradondo, but they're inside those citations, they're citing specifically to Sharma v. INS from 1996, which I believe is the first time this court pretty explicitly stated that traffic does not constitute exceptional circumstances. Counsel, can you tell me what the circumstances, what exactly did they refer to in that case? I don't have that top of mind in the case you just cited. What were the specific circumstances of that traffic? Was it general traffic? I believe there were accidents and they ended up showing up about between 45 minutes and an hour and a half later on it. Well, let's just assume that I agree with you or we agree with you that traffic alone is not enough. And under the line of cases that you just discussed and is our precedent, that wouldn't be enough. But we have Hernandez v. Garland, which is a case from 2021 that holds that the failure to consider motive to delay or evade is error. So wouldn't you agree that in this case, perhaps if it was simply that the the only issue to consider and evaluate is traffic or car accidents, then we would be squarely within our precedent. But here there are these additional issues that were never even evaluated. It wasn't like they were considered and rejected. There wasn't a discussion even about the subsequent factors that go to this totality of the circumstances, which is the intent to evade and the unconscionable results. Well, Your Honor, I think going to the unconscionable results first, I think the board does address those unconscionable results with respect both to the lead petitioner's asylum application and to the minor petitioner's adjustment of status applications. At page four of the record, it's the first paragraph. The board specifically notes the respondent did not meaningfully address on appeal the IJ's determination that she did not otherwise establish prima facie eligibility for asylum. Yeah, but don't you agree with me that what they're talking about there is when you seek to reopen a determination for removal, not in an absentia removal order, but just a removal order, there is a requirement to succeed under a motion to reopen that you establish a prima facie case of your underlying claims like asylum. So here, I mean, I think what you're saying actually just further supports the notion that these additional issues on a motion to reopen for an in absentia removal order, it's different. You have to just show that there were exceptional circumstances that caused the failure to appear. That gets you to the reopening. And then at the reopening, you have to, of course, show the elements of the underlying claims that you're pursuing. So I don't see in here that there was an actual analysis of the factors for an exceptional circumstances that are necessary in this context of a motion to reopen. Well, Your Honor, I would point you to the Hernandez-Golan case that you previously cited. And there, I think, in discussing the unconscionable results the court states that the in absentia removal order would lead to that unconscionable result where a petitioner who demonstrates a strong likelihood of relief would be removed. So how do you square that with what the children's claims, the minor children's claims for derivative citizenship? Isn't that precisely on point with Hernandez-Golan? Well, I think that strong likelihood of relief is not present here where the two minor petitioners are statutorily ineligible for the adjustment of status that they seek. First, because one of the statutory requirements is that there be an approved I-130 from USCIS. However, here there's no evidence in the record that the minor petitioner's father has even filed that I-130, let alone that it's pending or approved. And second... Did the children here have any pending application in their own name, or were they just riders on the mother's application? Your Honor, at the time of the motion to reopen, they were simply seeking derivative asylum. It's the motion to reconsider and then the administrative appeal brief for the board where this adjustment of status was raised. And the second issue with respect to the adjustment of status is admissibility. Both minor petitioners have a charge of inadmissibility that's been sustained by the immigration judge. DHS charged them under 1182 A6AI as non-citizens present in the United States without having been admitted or paroled. That charge was sustained by the documentary evidence. And then petitioners have explicitly not challenged that finding. In their motion to reopen, they state they are not challenging that finding of removability. Therefore, they are inadmissible. And one of the statutory requirements of adjustment of status is that they be admissible to the United States. Therefore, I think because they're both of those issues there, they have not demonstrated prima facie eligibility at a baseline or even that strong likelihood of when analyzing in the totality, that unconscionable results. And so I think when you look at the totality, I think because they do not have those avenues of relief under that third prong, the arguments with regard to their non-appearance, I believe, also are squarely foreclosed by this court's precedent. And so therefore, I don't think they can succeed in the totality required for this analysis. And were you going to address the second question with respect to the failure to consider motive to delay a rebate? Yes, Your Honor. Sorry, I thought Judge Collins was going to ask a question. With respect to that, I think this court has traditionally looked at a couple factors. I think it's looked at appearance of previous hearings, how quickly the petitioners filed their motion to reopen, whether or not they have submitted an application, whether or not they've conceded removability. And in this case, I agree that petitioners did quickly file their motion to reopen, but I don't think that alone is sufficient in this analysis to carry the burden of the totality of the circumstances. But does the IJ and BIA have to at least evaluate it? Do they have to consider it, ask the question, show us that they're going through the steps that are required under our test? Your Honor, I think that the — I'm not sure that these factors have been as teased apart as we're discussing them here in all the cases. I think the board at least did a good job of addressing all of the potential avenues by which the petitioners could have demonstrated that there are exceptional circumstances, but I don't think they did explicitly state that the motive was present. I mean, some of these additional factors, as your opposing counsel conceded, have no causal relationship to the failure to appear, and there's an irreducible minimum in the statute that the alien has to demonstrate that the failure to appear was because of exceptional circumstances. And these other factors don't go to that. They go to whether or not, if exceptional circumstances are shown, the order may be rescinded, and whether or not there is a rescission. And in we had the discretion had to be exercised in favor of opening, so we did that extra step. But I'm not sure I see how these additional factors in Hernandez can — because they have no causal relationship, I don't see how they can contribute to meeting the statutory standard. I don't disagree with you, your Honor. I think there are lines of cases in this Court where, particularly taking the totality of the circumstances as a whole, there are some cases, particularly seeing the INS petitioner cites, where this Court may have taken a different view on that question. But I agree, in this particular case, those other circumstances do not directly relate to the reason why they failed to appear at their additional immigration hearing. And if the Court has no further questions, thank you, your Honors. All right. We hear rebuttal. I would just like to briefly touch on some of the issues that were discussed. Council agreed that the petitioners quickly filed their motion to reopen. They acted very diligently in doing so within 40 days of the entry of the order of removal. They did file an application for relief with that motion, and not only did they provide an detailed affidavit, but background materials in support of the fear were provided. And these show a desire to proceed with removal proceedings as opposed to an attempt to delay the proceedings. The likelihood of prevailing on the merits had she appeared is only one factor in the totality of the circumstances analysis that the Court must approve. I see that the time is up. All right. Thank you, Council. Thank you. Thank both Council for your helpful arguments, and the case just argued will be submitted. And so we'll hear argument now in the next case.
judges: COLLINS, MENDOZA, DESAI